IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JAMES E. HOWELL** | : | |
| **(AIS # 260462 )**, | | |
| Petitioner, | : | |
| v. | : | **CIVIL ACTION NO. 10-00484-CG-B** |
| **J.C. GILES**, | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Petitioner James E. Howell, an inmate at Ventress Correctional Facility ("Ventress") in Clayton, Alabama, filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254.[1] (Doc. 1). In the petition, Howell challenges the validity of his 2007 convictions for two counts of first-degree sexual abuse, in violation of Alabama Code § 13A-6-66, in the Circuit Court of Houston County, Alabama. (Id. at 2-3). Houston County is located in the Middle District of Alabama.

As noted, at the time that Howell filed his petition in this Court on September 3, 2010, he was incarcerated at the

---

[1] When Howell filed his petition, he was incarcerated at Perry County Correctional Center ("PCCC"), and he correctly identified the Respondent as James Mullins, the warden at PCCC. (Doc. 1 at 1). However, the warden at Ventress, where Howell is currently incarcerated (Doc. 8), is J.C. Giles. The Court hereby SUBSTITUTES J.C. Giles as the proper Respondent. See Fed. R. Civ. P. 25(b).

1

Perry County Correctional Center, which is located in this district. (Doc. 1 at 1). However, Howell was subsequently transferred to Ventress, which is located in the Middle District of Alabama. (Doc. 8).

28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Because Howell was incarcerated in this district at the time of filing of his petition, this Court has concurrent jurisdiction over this action with the United States District Court for the Middle District of Alabama, the district of conviction. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 497-500 (1973); see also McClure v. Hopper, 577 F.2d 938, 939-40 (5th Cir. 1978)[2] (recognizing that jurisdiction

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding
(Continued)

2

attaches upon the initial filing for habeas corpus relief and is "not destroyed upon the transfer of petitioner and accompanying custodial change."). While this Court has concurrent jurisdiction with the Middle District, the Court may transfer the action pursuant to 28 U.S.C. § 2241(d) "in the exercise of its discretion and in furtherance of justice."

In this circuit, it is well recognized that the district of conviction is generally the most convenient and appropriate venue for a challenge to a state conviction or sentence, and the courts of this circuit generally transfer such petitions to the district of conviction. See, e.g., Parker v. Singletary, 974 F.2d 1562, 1581-82 (11th Cir. 1992) (finding transfer "in furtherance of justice" appropriate under § 2241(d)); Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001) (noting practice of district courts in Georgia of "transfer[ring] habeas petitions filed in the district where the petitioner is confined to the district where the petitioner was convicted."); Williams v. Florida Supreme Court, 2012 WL 1520274, *1 n.1 (N.D. Fla. 2012) ("The district of conviction is generally the most convenient and appropriate venue.") (citations omitted), report and recommendation adopted by, 2012 WL 1520273 (N.D. Fla. Apr.

---

precedent all decisions of the former Fifth Circuit prior to October 1, 1981.

30, 2012); Williams v. Giles, 2012 WL 2929952, *1 (M.D. Ala. 2012) (transfer to the district of conviction "is appropriate."), report and recommendation adopted by, 2012 WL 2929822 (M.D. Ala. Jul 17, 2012).

In this instance, the district of conviction is the United States District Court for the Middle District of Alabama. That court is not only more familiar with the Houston County Circuit Court in which Howell was convicted, it is also a more convenient forum should an evidentiary hearing be necessary. Cf. Braden, 410 U.S. at 493-94 ("In terms of traditional venue considerations, the District Court for the Western District of Kentucky is almost surely the most desirable forum for the adjudication of the claim . . . [given that] [i]t is in Kentucky, where all of the material events took place, that the records and witnesses pertinent to petitioner's claim are likely to be found."). Moreover, as noted above, Howell is now incarcerated in the Middle District of Alabama. (Doc. 8).

For these reasons, it is recommended that this action be transferred to the United States District Court for the Middle District of Alabama for all further proceedings. In addition, the Court hereby SUBSTITUTES J.C. Giles as the proper Respondent in this action.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **25th** day of **October, 2012.**

                                                       /s/ Sonja F. Bivins
                                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded).** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.